IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, LOCAL 40**,

      Plaintiff,

  v.

**COLUMBIA GRAIN,** a.k.a. **WILLAMETTE STEVEDORING**,

      Defendant.

Case No. 3:13-cv-0513-AC

**OPINION AND ORDER**

Thomas K. Doyle, BENNETT HARTMAN MORRIS & KAPLAN, LLP, 210 S.W. Morrison Street, Suite 500, Portland, OR 97204. Of Attorneys for Plaintiff.

Francis T. Barnwell and Kirk S. Peterson, BULLARD SMITH JERNSTEDT WILSON, 200 S.W. Market Street, Suite 1900, Portland, OR 97201. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

    United States Magistrate Judge John V. Acosta issued his Findings and Recommendation ("F&R") in this case on July 21, 2014. Dkt. 41. Judge Acosta recommended that Defendant's motion for summary judgment (Dkt. 29) be denied.[1]

---

[1] Defendant moved for judgment on the pleadings or, in the alternative, summary judgment. Judge Acosta found that Defendant's motion must be treated as a motion for summary

PAGE 1 – OPINION AND ORDER

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Defendant timely filed an objection (Dkt. 43), to which Plaintiff responded. Dkt. 47. Defendant objects to the portion of Judge Acosta's F&R concluding that there are issues of fact as to whether Columbia Grain and Willamette Stevedoring are alter egos. Specifically, Defendant objects that: (1) the F&R failed to require evidence of fraud or misrepresentation, which Defendant contends is a required element in determining alter-ego status; (2) the F&R failed to recognize that there was no evidence of anti-union animus because the transfer of work

---

judgment and not as a motion for judgment on the pleadings. No party objected to this conclusion by Judge Acosta, and the Court agrees with this treatment.

PAGE 2 – OPINION AND ORDER

in this case was from one entity using union labor to another entity using union labor and was done for a legitimate business purpose; and (3) Columbia Grain had no preexisting contractual relationship with the International Longshore and Warehouse Union ("ILWU") Local 40 and, thus, Columbia Grain had no obligations with respect to Local 40.[2] These objections are discussed below, in turn.

## DISCUSSION

### A. Portions of the F&R Without Objections

For those portions of the F&R to which Defendant has not objected, the Court follows the recommendation of the Advisory Committee and reviews those portions for clear error on the face of the record. No such error is apparent. Accordingly, the Court ADOPTS those portions of the F&R against which no objections were asserted, including Judge Acosta's conclusion that there are issues of fact regarding whether Columbia Grain and Willamette Stevedoring constitute a "single employer."

### B. Portions of the F&R With Objections

The Court has reviewed *de novo* the portion of the F&R to which Defendant objected, Defendant's objections, Plaintiff's response to the objections, and the underlying submissions filed in connection with Defendant's motion before Judge Acosta. For the following reasons, the Court rejects the objections asserted by Defendant.

#### 1. Fraud or misrepresentation

Defendant's argument that Plaintiff must prove fraud or misrepresentation to demonstrate alter-ego status misunderstands the elements established by the U.S. Court of Appeals for the Ninth Circuit. To prove alter-ego status, a plaintiff must show that: (1) the entities function as a

---

[2] Defendant did not object to Judge Acosta's conclusion that there are issues of fact regarding whether Columbia Grain and Willamette Stevedoring constitute a "single employer."

PAGE 3 – OPINION AND ORDER

single employer, and (2) the entity to which the work was diverted was "'being used in a sham effort to avoid collective bargaining obligations . . . rather than for the pursuit of legitimate business objectives untainted by union animus.'" *S. Cal. Painters & Allied Trades, Dist. Council No. 36 v. Rodin & Co.*, 558 F.3d 1028, 1032 (9th Cir. 2009) (quoting *UA Local 343 v. Nor-Cal Plumbing, Inc.*, 48 F.3d 1465, 1470 (9th Cir. 1995) (alteration in original)). A plaintiff can prove the second element by showing "a disguised continuation, technical change, or sham undertaken for the purpose of shifting union work to a non-union company." *Id.* (quotation marks omitted); *see also Resilient Floor Covering Pension Fund v. M&M Installation, Inc.*, 630 F.3d 848, 852 (9th Cir. 2010) ("[The second] element has been variously phrased as whether [the non-union employer] was created in an attempt to avoid the obligations of a [the union employer's] collective bargaining agreement through a sham transaction or a technical change in operations; whether the non-union employer was used in a sham effort to avoid collective bargaining obligations; and whether some measure of fraud or misrepresentation exists." (first alteration added, remaining alterations in original (quotation marks omitted))); *A. Dariano & Sons, Inc. v. Dist. Council of Painters No. 33*, 869 F.2d 516, 519 (9th Cir. 1989) (noting that the alter-ego test is typically invoked "when one company purports to close shop and transfer its business to a successor entity through a disguised discontinuance, a sham transaction, or a mere technical change in operations"). Thus, under the law in the Ninth Circuit, Plaintiff need not prove fraud or misrepresentation to show that Columbia Grain and Willamette Stevedoring are alter egos. Defendant's objection to the F&R on this ground is rejected.

### 2. Anti-Union Animus

Defendant also argues that there is no evidence of anti-union animus in this case because the work was transferred from one union employer to another union employer. Defendant, however, cites to no Supreme Court or Ninth Circuit precedent holding that there can never be

PAGE 4 – OPINION AND ORDER

anti-union animus, as a matter of law, whenever work is transferred from one union employer to another union employer. In the absence of such precedent, the Court is not prepared to hold that, as a matter of law, there can be no anti-union animus in such circumstances. Whether anti-union animus exists in a decision by an employer is a question that calls for a factual examination.

Defendant further argues that there is no anti-union animus because the work transfer was done for a legitimate business purpose. Defendant admits that it transferred the work from Willamette Stevedoring to Columbia Grain to avoid the higher cost of labor required by the Willamette Stevedoring labor agreement with ILWU 40. Defendant argues that, as a matter of law, this is a legitimate business purpose and not evidence of any anti-union animus.

Defendant's admission and evidence could be found by a factfinder to be a legitimate business purpose, but it also could be found to demonstrate anti-union animus. As noted by Judge Acosta, the Ninth Circuit has explained that the goal of avoiding the higher cost of union labor can support an alter-ego finding. *See Haley & Haley, Inc. v. N.L.R.B.*, 880 F.2d 1147, 1151-52 (9th Cir. 1989); *J.M. Tanaka Const., Inc. v. N.L.R.B.*, 675 F.2d 1029, 1035 (9th Cir. 1982). Defendant also admits that Columbia Grain was in labor negotiations with, among others, ILWU Local 8 in Portland and that during those negotiations Columbia Grain proposed to shut down Willamette Stevedoring and stop using stevedores to perform shipside grain handling. Defendant further admits that Columbia Grain bargained to impasse on December 27, 2012, at which time Columbia Grain implemented portions of its Last, Best and Final Offer to Local 8, including the shipside work. Columbia Grain shut down Willamette Stevedoring that same day. Columbia Grain ultimately locked out, among others, its Local 8 employees. This is evidence that could support an inference of anti-union animus and that Columbia Grain was using the Willamette Stevedoring work to leverage Columbia Grain's position in negotiations with the

PAGE 5 – OPINION AND ORDER

union. Accordingly, issues of fact remain regarding whether the decision to transfer the work from Willamette Stevedoring to Columbia Grain was tainted by anti-union animus. *See Rodin*, 558 F.3d at 1032.

### 3. Contractual relationship between Columbia Grain and ILWU 40

Finally, Defendant argues that because Columbia Grain had no pre-existing contractual relationship with ILWU 40, it had no obligations with respect to ILWU 40 and cannot be found to have attempted to avoid obligations with respect to ILWU 40, which is a necessary element of the alter-ego test. This argument is without merit.

Willamette Stevedoring had contractual obligations to ILWU 40 through a labor agreement, although Columbia Grain was not a signatory to that agreement. The labor agreement can, however, apply to Columbia Grain, a non-signatory employer, "under either of two doctrines—the 'alter ego' doctrine or the 'single employer' doctrine." *Gateway Structures, Inc. v. Carpenters 46 N. Cal. Counties Conference Bd.*, 779 F.2d 485, 488 (9th Cir. 1985). Plaintiff alleges that Columbia Grain and Willamette Stevedoring were both a "single employer" (Am. Compl. ¶ 6) and "alter egos" (Am. Compl. ¶ 7).

Defendant did not object to Judge Acosta's conclusion that issues of fact remain regarding whether Columbia Grain and Willamette Stevedoring constitute a "single employer," and the Court has adopted that portion of the F&R. If Columbia Grain and Willamette Stevedoring are found to be a single employer and if "the two employers [are] shown to constitute a single bargaining unit," then Columbia Grain would be bound by the labor agreement obligations of Willamette Stevedoring. *Gateway Structures*, 779 F.2d at 489.

Additionally, the Court rejects Defendant's objection to Judge Acosta's conclusion that issues of fact exist regarding whether Columbia Grain and Willamette Stevedoring are alter egos. Thus, if they are found to be alter egos, then Columbia Grain would be bound by the labor

PAGE 6 – OPINION AND ORDER

agreement obligations of Willamette Stevedoring. *Id.* at 488. Columbia Grain's argument that it cannot be found to be an alter ego unless it already has contractual obligations with ILWU 40 is an example of fallacious circular reasoning. Further, Defendant's argument would render the alter-ego doctrine meaningless in circumstances such as this case where two entities, allegedly acting as alter egos, transfer work from the entity expressly owing contractual obligations to the entity without express contractual obligations and then close down the former entity, leaving no viable entity for the aggrieved party to sue. Contrary to Defendant's argument, whether a defendant diverts work from an alleged alter ego entity to help that entity avoid its contractual obligations is relevant to the alter-ego analysis. *See Rodin*, 558 F.3d at 1033 (considering, in evaluating alter-ego status, whether there was evidence that the defendant "diverted union work from [the other entity] . . . let alone that [the defendant] did so to help [the other entity] avoid [its] obligations under the [labor agreement]").

In sum, the fact that Columbia Grain was not a signatory to the labor agreement does not preclude it from being found to be an alter ego of Willamette Stevedoring. Plaintiff has demonstrated that factual issues exist regarding whether the transfer of work from Willamette Stevedoring to Columbia Grain and subsequent closing of Willamette Stevedoring was a "sham transaction" or "technical change in operations" done "to avoid the obligations of [Willamette Stevedoring's] collective bargaining agreement." *Nor-Cal*, 48 F.3d at 1470. That is sufficient to preclude summary judgment on this issue.

## CONCLUSION

U.S. Magistrate Judge Acosta's Findings and Recommendation (Dkt. 41) is ADOPTED as explained herein. Defendant's motion for judgment on the pleadings and alternative motion for summary judgment (Dkt. 29) is DENIED.

**IT IS SO ORDERED**.

DATED this 26th day of September, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge