UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

INTERNATIONAL LONGSHORE AND
WAREHOUSE UNION, LOCAL 40,

Case No.  3:13-cv-00513-AC

OPINION AND ORDER

Plaintiff,

v.

COLUMBIA GRAIN, a.k.a.
WILLAMETTE STEVEDORING,

Defendant.

---

ACOSTA, Magistrate Judge:

Before the court is defendant Columbia Grain's ("Columbia") Bill of Costs.  On July 2, 2015, this court entered judgment (Dkt. No. 103) in favor of Columbia, dismissing plaintiff International Longshore and Warehouse Union, Local 40's ("the Union") case with prejudice. Columbia filed its Bill of Costs (Dkt. No. 104) on July 13, 2015, seeking $1,554.68 in costs as the prevailing party in this action pursuant to Federal Rule of Civil Procedure 54(d).  The Union did not file any objections to the bill.

The court finds that Columbia's requested costs are recoverable under 28 U.S.C. § 1920, with one exception. Columbia seeks reimbursement for witness attendance fees in an amount beyond the fee allowed by statute. Otherwise, Columbia's costs are itemized and supported by documentation, in compliance with Local Rule 54. Accordingly, Columbia's Bill of Costs is granted in part and denied in part.

*Legal Standard*

Federal Rule of Civil Procedure ("FRCP") 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1) (2015). 28 U.S.C. § 1920 lists the specific items that may be recovered as costs.[1] Under Local Rule 54, a party seeking costs in this district must provide "detailed itemization of all claimed costs. The prevailing party must file an affidavit and appropriate documentation." LR 54-1(a)(1).

"Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Save Our Sound v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003). "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse such costs." *Ass'n of*

---

[1] The costs identified in 28 U.S.C. § 1920 are:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (2012).

*Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). The trial court has wide discretion in awarding costs under FRCP 54(d) and is "free to construe the meaning and scope of the items enumerated as taxable costs . . . ." *Kelley v. Sears, Roebuck, and Co.*, No. 01-cv-1423-ST, 2004 WL 1824121, at *3 (D. Or. Aug. 10, 2004). Typically, "a losing party must establish a reason to deny costs." *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006). However, "[t]he court is required to ensure an award's reasonableness, regardless of whether the opposing party objected." *Old W. Fed. Credit Union v. Skillman*, No. 2:11-cv-01170-SU, 2012 WL 4594256, at *2 (D. Or. Sept. 6, 2012) (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1400-02 (9th Cir. 1992)).

## Discussion

Columbia's Bill of Costs seeks reimbursement of $1,210.68 for hearing transcript fees, $324 for witness fees, and $20 for statutory docket fees. Transcript, witness, and docket fees are recoverable under 28 U.S.C. § 1920, with allowable amounts for witness and docket fees set out in 28 U.S.C. §§ 1821 and 1923, respectively. The transcript fees and witness fees must be appropriately itemized and supported by a declaration and documentation, as required by Local Rule 54. In support of its requests for reimbursement, Columbia itemized its requests and submitted documentation supporting its requests. (Kirk S. Stephenson Decl., July 9, 2015.) Columbia also filed a declaration attesting to the veracity of its requested costs and documentation. The court finds that Columbia's Bill of Costs meets the requirements of Local Rule 54. Therefore, Columbia's Bill of Costs is allowed to the extent that its documented costs are recoverable under FRCP 54 and 28 U.S.C. § 1920. As explained below, Columbia's requested costs are recoverable, except for requested witness fees that exceed the allowable daily attendance fee.

I.   Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for use in the Case - 28 U.S.C. § 1920(2)

Columbia requests reimbursement for $1,210.68 in fees paid for printed or electronically recorded trial transcripts.  In support of this request, Columbia submitted documentation of the transcript fees in compliance with Local Rule 54. (Stephenson Decl., Ex. A.)  A prevailing party may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" 28 U.S.C. § 1920(2).  Trial transcripts are necessarily obtained for use in the case when the transcripts are "'necessary' to counsel's effective performance or the court's handling of the case." *U.S. Fid. & Guar. Co. v. Lee Inv. LLC*, No. CV-F-99-5583 OWW/SMS, 2010 WL 3037500, at *4 (E.D. Cal. Aug. 2, 2010) (quoting Wright, Miller, & Kane, *Federal Practice and Procedure* § 2677 (3d ed.)).

In this case, the trial transcripts were necessary to counsel's effective performance. The three-day court trial began on April 6 & 7, 2015, but did not conclude until May 6, 2015. Because of the time elapsed between the first two days of trial and closing arguments, transcripts of the first two days of trial were necessary to counsel's effective preparation for closing arguments. Trial transcripts for all three days of trial were also necessary to counsel's drafting of proposed Findings of Fact and Conclusions of Law. *See U.S. Fid. & Guar. Co.*, 2010 WL 3037500, at *7 (allowing reimbursement for trial transcripts used to prepare Findings of Fact and Conclusions of Law). Accordingly, Columbia's requested fees paid for trial transcripts are recoverable.

II.   Fees and disbursements for witnesses

A prevailing party is entitled to reimbursement for fees paid to witnesses, under 28 U.S.C. § 1920(3).  Each witness is entitled to a $40 fee for each day of attendance at trial. 28 U.S.C. § 1821 ("A witness shall be paid an attendance fee of $40 per day for each day's

attendance.") Columbia seeks reimbursement for $324.00 in fees paid to witnesses Randy Cartmill and Mike Morgan. Columbia categorized the entire witness fee for each witness as a fee paid for attendance. (Dkt. No. 104, at 2.)   Both Cartmill and Morgan were subpoenaed for all three days of trial, and are entitled to $40 for each day of attendance. Therefore, Columbia is entitled to $240 in witness fees for attendance — $120 for each witness. It is not entitled to the additional $84 that it requests for witness fees paid for attendance at trial. Columbia's supporting documentation shows that it paid both Cartmill and Morgan the full amount claimed in its cost bill ($162 each.) However, neither its declaration nor its supporting documentation justify the additional fees. Accordingly, this cost is allowed in the amount of $240.

III. Docket fees pursuant to 28 U.S.C. 1923

A prevailing party may recover a docket fee "under section 1923 of this title." 28 U.S.C. § 1920(5).  Section 1923(a) provides: "Attorney's and proctor's docket fees in courts of the United States may be taxed as costs as follows: $20 on trial or final hearing (including a default judgment whether entered by the court or by the clerk) in civil, criminal, or admiralty cases[.]" In contrast with other recoverable fees and costs, a docket fee is not granted to a prevailing party to compensate it for specific expenses. Instead, a docket fee is "a nominal, statutory fee to be awarded to a prevailing party." *United States v. Orenic*, 110 F.R.D. 584, 588 (W.D. Va. 1986). Columbia's requested docket fee is the amount allowed under 28 U.S.C. § 1923(a); accordingly, Columbia is entitled to recover the docket fee.

## Conclusion

For the reasons stated above, Columbia's Bill of Costs (Dkt. No. 104) is GRANTED in part and DENIED in part. Columbia is entitled to recover the following expenses:

Fees for printed or electronically recorded transcripts:     $1,210.68

Fees for witnesses:                                          $240.00

Docket fees:                                                 $20.00

TOTAL COSTS AWARDED:                                         $1,470.68

IT IS SO ORDERED.

DATED this 18th day of September, 2015.


JOHN V. ACOSTA
United States Magistrate Judge